UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-107 (PJS/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DYMOND RENE HAYDEN,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant, Dymond Rene Hayden, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Defendant fully understands the nature and elements of the crime with which he has been charged.

2.     **Factual Basis**. Defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about September 9, 2022, in Minneapolis, Minnesota, law enforcement executed an arrest warrant for Defendant that had been issued by the Minnesota

1

Department of Corrections. In the course of locating clothing for Defendant, law enforcement found a Kahr Arms CW9 pistol, bearing serial number EJ5837, in a dresser drawer that also contained Defendant's clothing. The pistol was loaded with one round in the chamber and four rounds in the magazine. In the kitchen area of the apartment, law enforcement found 37 pills apportioned in baggies. Laboratory testing by the Minnesota Bureau of Criminal Apprehension found that these pills contained a mixture of cocaine and fentanyl.

Defendant agrees that he was previously convicted of Third-Degree Murder in Hennepin County on or about February 21, 2013. Defendant agrees that this offense was punishable by more than one year in prison. Defendant further agrees that, at the time he possessed the Kahr Arms pistol, he knew that he had been convicted of an offense that was punishable by more than one year in prison. Defendant also agrees that the Kahr Arms pistol traveled in interstate or foreign commerce before it came into his possession. Defendant admits that he knowingly possessed the Kahr Arms pistol, and that he did so intelligently and voluntarily.

3. **Waiver of Pretrial Motions**. Defendant understands and agrees that Defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** Defendant understands that he has the right to go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge Defendant guilty without a trial.

5. **Additional Consequences**. Defendant understands that as a result of this conviction, Defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If Defendant is not a United States citizen, as a result of a plea of guilty, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. Defendant understands that Count 1 of the Indictment, charging Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) is a felony offense that carries the following statutory penalties:

    a.    a maximum of 15 years in prison;

    b.    a supervised release term of up to 3 years;

    c.    a maximum fine of $250,000; and

    d.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties disagree as to what base offense level applies in this case. The Government believes that the base offense level is 20 because Defendant committed this offense after having been convicted of one crime of violence. U.S.S.G. § 2K2.1(a)(4)(A). Defendant disagrees that he has been convicted of a crime of violence and instead believes the base offense level is 14 under U.S.S.G. § 2K2.1(a)(6)(A).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 4 levels because the offense involved was possessed in connection with another felony offense, specifically, the possession of controlled substances. U.S.S.G. § 2K2.1(b)(6)(B). The parties agree that no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

4

d. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As Defendant has timely notified the Government of Defendant's intention to enter a plea of guilty, the Government agrees to recommend that Defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) Defendant testifies truthfully during the change of plea and sentencing hearings; (2) Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should Defendant engage in any conduct inconsistent with acceptance of responsibility.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, Defendant will fall into Criminal History Category IV. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guidelines Range</u>. If the Government is correct that Defendant's base offense level is 20, then his adjusted offense level is 21. With a criminal history category of IV, the Sentencing Guidelines range is **57–71 months of imprisonment**.

        If Defendant is correct that his base offense level is 14, then his adjusted offense level is 15. With a criminal history category of IV, the Sentencing Guidelines range is **30–37 months of imprisonment**.

    g.    <u>Fine Range</u>. If the adjusted offense level is 21, the Sentencing Guidelines fine range is $15,000–150,000. If the adjusted offense level is 15, the Sentencing Guidelines fine range is $7,500–75,000. U.S.S.G. § 5E1.2(c).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 1 to 3 years. U.S.S.G. § 5D1.2.

8.    **Revocation of Supervised Release**. Defendant understands that if Defendant were to violate any supervised release condition while on supervised release, the Court could revoke Defendant's supervised release, and Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. Defendant also understands that as part of any revocation, the Court may include a requirement that Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or Defendant's criminal history category is different from that stated above,

the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, Defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment.

12. **Disclosure of Assets.** Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant has any right, title, or interest, or over which Defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by Defendant. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning Defendant's assets and expressly authorizes the United States to obtain a credit report on Defendant to evaluate Defendant's ability to satisfy financial obligations imposed

by the Court. If requested by the United States, Defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeiture.** Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, ammunition, and accessories (including magazines) involved in, connected with, or used in any knowing violation of 18 U.S.C. § 922(g), including, but not limited to the Kahr Arms CW9 pistol bearing serial number EJ5837 and any ammunition and accessories seized therewith.

14. **Waivers of Appeal and Collateral Attack.** Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to: Defendant's waiver of the right to appeal guilt or innocence; any issues relating to the negotiation, taking, or acceptance of the guilty plea; the sentence imposed or any issues that relate to the calculation of the Guidelines range; the supervised-release term and conditions imposed; any restitution obligations; and the constitutionality of the statutes to which Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by either party as to the appropriate base offense level under U.S.S.G. § 2K2.1(a). Also excluded from the waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above 71 months' imprisonment.

Defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect.

For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render Defendant's conduct non-criminal or that render the sentence imposed illegal.

Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the Government may appeal the substantive reasonableness of a term of imprisonment below 30 months' imprisonment.

15. **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. By signing this plea agreement, Defendant acknowledges: (a) that Defendant has read the entire agreement and has reviewed every part of it with Defendant's counsel; (b) that Defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that Defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that Defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that

Defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of Defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 11/22/24

BY: *Emily Polachek*
EMILY A. POLACHEK
Assistant United States Attorney

Date: 11/22/24

*Dymond Rene Hayden*
DYMOND RENE HAYDEN
Defendant

Date: 11/22/24

*Thomas H. Shiah*
THOMAS H. SHIAH
Counsel for Mr. Hayden

10